**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KOMAA MNYOFU, [and on behalf of, Ayanna and Makaylah Mnyofu, minors] Plaintiffs, | ) ) ) ) | |
| | ) | No. _____ |
| vs. | ) | |
| | ) | Judge _____ |
| | ) | |
| BOARD OF EDUCATION OF MATTESON ELEMENTARY SCHOOL DISTRICT 162, BLONDEAN DAVIS in her individual and official capacity, VILLAGE OF MATTESON POLICE DEPARTMENT, MICHAEL JONES in his individual and official capacity, JEREMY SIMS in his individual and official capacity, SHAUN WHITE, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Komaa Mnyofu, *pro se*, and on behalf of his minor daughters Ayanna and

Makaylah Mnyofu, brings this Complaint against the Board of Education of Matteson

Elementary School District 162, Blondean Davis, in both her individual and official capacity, the

Village of Matteson Police Department, Michael Jones, in both his individual and official

capacity, Jeremy Sims, in both his individual and official capacity, Shaun White, in both his

individual and official capacity, (collectively ōDefendantsö) and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this action against ōDefendantsö pursuant to 42 U.S.C. Section

1983 for violation of his rights under the First, Fifth and Fourth Amendments of the United

States Constitution, applicable to the states through the Fourteenth Amendment, and under the

laws of the State of Illinois for intentional infliction of emotional distress, and the Federal doctrine of continuing wrongs. Blondean Davis and the Board of Education Matteson Elementary School District 162 has a history of retaliating against and attempting to improperly squash individuals and employees, particularly Plaintiff, who attempt to exercise their right to speak out and be heard by District administrators about board policies, grievance procedures, due process rights and other matters of public concern.

2.      The Board of Education of Matteson Elementary School District 162 (the õDistrictö) has a history of retaliating against and attempting to improperly muzzle employees, particularly Plaintiff, who attempt to speak out and be heard by District administrators about Board policies and other matters of public concern. Defendants , their agents and employees, while acting under color of state law, have engaged in and carried out acts to violate Plaintifføs First Amendment rights by retaliating against him for speaking out on such matters of public concern. Defendants have subjected Plaintiff to illegal and unconstitutional harassment, threats, arrest, and deprivation of and interference with the peaceful exercise of his constitutionally protected right of Free Speech.

### JURISDICTION AND VENUE

3.      This action arises under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

4**.**      Plaintiff Mr. Mnyofuøs state law claims arise under the laws of the State of Illinois.

5.      This Court has subject matter jurisdiction over the causes of action in this Complaint pursuant to 28 U.S.C. § 1331.  The Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.      The events giving rise to this complaint occurred in this district. Thus, venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.      Plaintiff Komaa Mnyofu is, and at all times relevant to this lawsuit, has been a citizen of the United States and a resident of Richton Park, Illinois. Before the events giving rise to this lawsuit, Plaintiff was an attendee at and participant in District public meetings and an employee of Defendant Board.

8.      Defendant The Board of Education of Matteson Elementary School District 162 (the õBoardö) is a unit of local government organized under the laws of the State of Illinois with offices at 4601 Sauk Trail, Richton Park, County of Cook, State of Illinois. The Board is in charge of setting policy and overseeing the administration of seven (7) public elementary schools within the District.

9.      Defendant Blondean Davis (õDavisö) at all times relevant to this lawsuit since approximately 2001 has been the Superintendent of the District. Davis was hired by the Board and as Superintendent is the ranking public official in the District in charge of administering the school system and implementing policy set by the Board.

10.      Defendant Village of Matteson [Police Department] (õVillageö) is an Illinois Municipal Corporation, organized under The Illinois Municipal Code, [ILCS CH 65, Act 5] under the laws of the State of Illinois, and at all times relevant to this lawsuit, is responsible for administering the police department and its officers;

11.      Defendant Michael Jones (õJonesö) is, and at all times relevant to this lawsuit, has been a police officer and detective for the Village of Matteson Police Department;

12.     Defendant Jeremy Sims ("Sims") is, and at all times relevant to this lawsuit, has been a police officer and detective for the Village of Matteson Police Department;

13.     Defendant Shaun White ("White") is, and at all times relevant to this lawsuit, has been a police officer and detective for the Village of Matteson Police Department;

**FACTS**

14**.**     Plaintiff Mr. Mnyofu  is an active and concerned citizen, parent of two minor students attending District 162 schools and resident of the Matteson School District 162 who attended and actively participated in two consecutive monthly public meetings held by the Board. These public meetings are held after regular business hours on public school grounds and are open to all residents and employees of the District.  These meetings serve as a public forum where the Board reports to District residents and where attending citizens are able to voice their concerns and opinions about the state of the District, the workings of the Board and the manner in which the Board and the Superintendent are administering the schools and handling the District's business.

15.     Between **February 24, 2009 thru June 2, 2009,** Defendants engaged in a series of wrongful and unlawful acts violating Plaintiff's 1st, 5th and 14th Amendments rights in retaliation against Plaintiff for exercising his free speech right to file a grievance, appear before Defendant Board to seek redress of his grievance, and file a fair labor complaint with the Illinois Education Labor Relations Board.

16.     On or about February 13, 2009, in a letter handed to Plaintiff by his immediate supervisor, Principal Ronald Jones, "Davis" terminated the employment of Plaintiff as a paraprofessional with Defendant Board effective "immediately", without explanation. Plaintiff

was hired in that position which was covered under a Collective Bargaining Agreement ("CBA");

17.     On or about February 17, 2009, Plaintiff attended the public meeting of the Matteson District 162 Board and waited to speak during the public comment section of the agenda; at that meeting the Board President refused to let Plaintiff address the board regarding its policy dealing with the rights of employees and rights pursuant to the "CBA";

18.     The Board president further stated that "the decision of the superintendent ["Davis"] is binding on the board" and that "as far as the Board is concerned you [Plaintiff] have no rights and the Board will not allow you to speak regarding its policy or the decision of the superintendent";

19.     On or about February 23, 2009, Plaintiff filed a Level I Grievance challenging his termination and issued service on Davis [and Jones] pursuant to procedures under the "CBA"; service on "Davis" was made by certified mail return receipt requested and by facsimile;

20.     On or about February 24, 2009 at approximately 9:45 am, Davis' receptionist in the District office signed for receiving Plaintiff's Level I Grievance, addressed to "Davis", as indicated by the return receipt; sometime shortly thereafter, Davis [or someone she directed] phoned the Matteson Police Department and requested police to come to District offices;

21.     Approximately 3 hours after "Davis" had received a copy of Plaintiff's Level I Grievance, "Davis" then signed a "false" police report alleging that on February 12, 2009 [2 weeks prior] plaintiff had committed the misdemeanor crime of "disorderly conduct";

22.     "Davis" also directed several district office employees to give false witness statements to the reporting Matteson police officer; all of the employees giving false statements told police and indicated on the police incident report form that they "*did not want to prosecute*"

plaintiff; one of those employees, ŏDavisŏ secretary, on information and belief was terminated by ŏDavisŏ for refusing to sign a criminal complaint;

23.     On or about the evening of March 17, 2009, Plaintiff was present and scheduled to speak at the Board meeting held in District 162 offices; accompanying Plaintiff was his friend Attorney Karen M. Walker. After waiting until the public speaking section of the agenda, plaintiff presented defendant board with a letter requesting the Board to review Plaintiffŏs termination pursuant to board policy, the terms of the CBA and the free speech provisions of the US and Illinois Constitutions;

24.     The Boardŏs President, Ms. McRay, refused to allow plaintiff to speak on his letter and request stating: ŏMr. Mnyofu we have had a lovely meeting tonight and the Board is not going to allow you to rain on our paradeŏ; plaintiff asked McCray if her statement at last board meeting still stood, that the decision of the superintendent [ŏDavisŏ] was binding on the board; McCray, replied ŏthatŏs correct.ŏ

25.     Plaintiff stated to the Board president that asserting his free speech and due process rights under the US and Illinois Constitutions was not an attempt ŏto rain onŏ the boardŏs parade, but simply to have those rights recognized and protected by the Board; plaintiff reminded the Board it was sworn to uphold these rights;

26.     At the conclusion of this board meeting, the Boardŏs counsel, Robert Hall Jr., handed attorney Walker a large envelope addressed to plaintiff; two letters from ŏDavisŏwere enclosed one notifying plaintiff that his children would be put out of District 162 schoolŏs allegedly for failing to be residents in District 162; further the letter demanded ŏout of districtŏ tuition of over $13, 000.00 dollars from plaintiff;

27.     The second letter accused plaintiff of numerous õviolationsö from intimidating school staff to harassing families of District 162, to being a safety threat to the community; further the letter õbarredö plaintiff from engaging in any further violations and restricted plaintifføs right to attend school functions involving his children, restrict speaking to district personnel etc; these letters came over a month õafterö plaintifføs termination;

28.     On or about March 24, 2009, õDavisö sent a letter via plaintifføs children stating she was discontinuing providing bus transportation for plaintifføs children to attend school advising plaintiff to bring his children to their schools; plaintiff had to have the services of the Illinois Homeless Advocate and the pro bono services of a law firm to stop õDavisö attacks and unlawful acts against plaintiff and his children;

29.     On or about March 19, 2009, õDavisö had faxed to the Police Chief of the Matteson Police Department, Mr. Pfotenhauer, student written statements falsely accusing plaintiff of inappropriate conduct toward students; õDavisö further alleged in statements to police that plaintiff was under investigation related to the false accusations;

30.     õDavisö faxed these false statements to the Chief of Police for no other reason than to slander, defame, smear and assassinate the character of plaintiff in the entire community in retaliation for plaintiff exercising his right to free speech by filing a grievance, addressing the Board regarding these rights, and charging her with an unfair labor practice before the Illinois Education Labor Relations Board. [õIELRBö] All of these continuing unlawful acts have humiliated, defamed and injured plaintifføs good name and reputation in his community; In an attempt to intimidate Mr. Mnyofu and chill the exercise of his free speech,

31.     On or about March 20, 2009, Davis provided Matteson police, Defendants Jones, Sims and White, with information as to the bus stop location where plaintiff puts his children on

and off the school bus. Defendant police officers conducted surveillance on plaintiff and his children from the bus stop to the Matteson Public Library to a restaurant in Matteson [ōDustiesö] following plaintiff in unmarked police cars. Plaintiff learned all of this from police reports filed after the Cook County Public Defender obtained discovery.

32.     As plaintiff and his minor daughters, ages 6 and 10 at the time, left Dusties and got into plaintifføs truck, defendant officers surrounded plaintifføs truck with guns in hand and yelling and demanding that plaintiff get out of the truck. Jones yelled ōget outta the fuckin truck before we force you outö Plaintiff kept asking the police what was the problem before getting out of his truck.

33.     Jones said to plaintiff ōYou been fuckin causin problems with Blondean Davis and employees and students at school district 162 and now the police are involved.ö Plaintiff asked this is about district 162? Jones said he didnøt have to tell plaintiff anything but was under arrest. Jones refused to tell plaintiff what he was under arrest for.

34.     Jones said he was taking plaintiff to jail and said ōIøm going to call DCFS and have them take custody of your kidsí meantime theyøre goin to jail with you, and Iøm a have your truck towed. A friend of plaintifføs who worked at Dusties was coming to work and witnessed the defendant police actions; she asked if plaintiff wanted her to take custody of his kids. Plaintiff said yes and told his 10 year old daughter to use his cell phone to call their mom or grandmom;

35.     After plaintiff was grabbed and handcuffed, Sims got close to plaintifføs face shouting and spitting demanding from plaintiff ōwhere do you live, you fuckin asshole, I see youøre a smartass too.ö Plaintiff told Sims his wallet had identification with address on it. Sims again shouted that plaintiff was a ōsmartass.ö

Plaintiff's daughters were crying, shaking and saying to police "don't kill our daddy." The girls grandmother had to leave her job from Bourbonnais, Illinois, 20-30 minutes away, to come get plaintiff's daughters. When Ms. Dawson arrived, after plaintiff had been taken to the police station, she reports plaintiff's daughters were still shaking and crying from what they saw.

36.     As a result of this state sponsored terrorist act by defendant police officers, and initiated by "Davis", plaintiff's daughters had to be treated at a facility named "Rainbow Ends", a child trauma center in Richton Park, Illinois.

37.     At the Matteson police station, apparently Jones drafted a misdemeanor criminal complaint alleging "disorderly conduct" against plaintiff occurring on February 12, 2009, with Davis as complaining witness; while plaintiff was seated and handcuffed, Sims said "well let's see I think I'm gonna write you a few traffic tickets"; as he thumbed thru an "Illinois Vehicle Code" booklet he said "here's something this should do."Sims wrote plaintiff four (4) bogus traffic citations alleging various violations.

38.     Almost 4 hours after being in custody, plaintiff was released after his daughters' grandmother posted bail. Jones handed plaintiff the traffic tickets and the criminal complaint upon being released. Jones warned plaintiff to "stay away from Blondean Davis and off school property or you will be arrested again."

39.     On or about March 23, 2009, Jones, on direction of Davis, phoned in a DCFS Hotline "false" report that plaintiff was abusing his children and was arrested on March 23, 2009 by Matteson police. The entire false report is contained in DCFS documents obtained by plaintiff. On or about June 11, 2009, by letter DCFS cleared plaintiff of the false charges.

40.     On or about June 2, 2009, Sims, on direction by Davis, filed a second false misdemeanor criminal complaint alleging that plaintiff committed the offense of "criminal

trespass to real propertyö on February 12, 2009 by entering the district office of õDavisö in Matteson, IL.

41.     As a result of these and other continual unlawful acts by defendants Davis, Jones and Sims, plaintiff is suffering harm to his name and reputation as he still is getting negative comments from students and community members when in the community and from rumors.

Further, the Defendants are still prosecuting plaintiff on the two false criminal complaints initiated by õDavisö at the Markham, Illinois Cook County Courthouse. Neither complaints have been set for trial as defendants have worked to delay the proceedings by arguing for eight (8) months [April to November 2009] to successfully strip plaintiff of being represented by the Public Defendersø office.

## COUNT I (42 U.S.C. § 1983) Defendants Davis and Board
## FIRST AMENDMENT VIOLATIONS

42.     Plaintiff Mr. Mnyofu hereby incorporates and realleges the allegations of paragraphs 1 through 41 as the allegations of paragraph 42.

43.     Exercising his constitutionally protected right of free speech, Plaintiff has spoken out and attempted to speak out at two public monthly Board meetings on various matters of public concern, including but not limited to the policy and practices of preventing employees from addressing the board about its policies related to employee grievances, due process and other constitutional deprivations during employment.

44.     Defendants, those employed by the Board and also Officers Jones, Sims and White, have used their offices to retaliate against Plaintiff for exercising his constitutionally protected right of free speech to file a grievance, seek redress before the Board of Education, and to file a complaint with the õIELRBö and express opposition to the Boardøs and Davis acts and policies.

45. Defendant Davis on numerous occasions directed Defendant Village of Matteson Police, other District employees, Defendant Officer Jones, Sims and White, and other police officers to silence, censure, harass, threaten, intimidate, terrorize and arrest Plaintiff during his travels in the community, conduct a smear campaign to defame plaintiff's reputation, file false DCFS reports, all in an effort to retaliate against Plaintiff and prevent him from speaking out and exercising his right to free speech about matters of public concern.

46. Defendants, acting under color of state law, have on repeated occasions used force, threats and intimidation to prevent Plaintiff from speaking at public meetings on matters of public concern and to chill plaintiff's speech. Other specific acts of Defendants include but are not limited to:

   i. On or about February 24, 2009, Defendant Davis initiated a false criminal complaint with employees giving false witness statements to Matteson police hours after Davis was served with plaintiff's Level I Grievance;

   ii. On or about March 17, 2009, Defendant Davis wrote 2 letters to plaintiff threatening to remove his children from attending district 162 schools, withdrawing transportation service, and alleging plaintiff was a safety thtreat to the entire community;

   iii. On or about March 19, 2009, Defendant Village of Matteson police conducted community interviews of selected parents given to them by Defendant Davis to give false reports smearing plaintiff's name and reputation in his community;

   iv. On or about March 20, 2009, Defendant Davis, directed Defendants Jones, Sims and White to conduct surveillance and an unlawful arrest of

plaintiff in view of his minor daughters who had to later be treated for trauma due to the unlawful conduct of the officers;

v.     Other unlawful acts by Defendants include, but are not limited to: initiating two (2) false criminal complaints pending in the Circuit Court of Cook County against plaintiff "after" being terminated from defendant Board's employ; initiating false hotline report of child abuse to DCFS; obtaining false statements from witnesses against plaintiff; issuing letters retaliating against plaintiff for exercising his right to free speech in filing a grievance, IELRB complaint; initiating false statements certain students and parents;All of the overt acts of the Defendants and individuals listed therein were undertaken willfully and maliciously and have been committed for the express purpose and mutual understanding to punish and deprive Plaintiff of his First Amendment rights.

47.    All defendants were aware of Mr. Mnyofu's First Amendment rights and that he was exercising his rights validly.  Furthermore, Defendants knew that their conduct violated Mr. Mnyofu's rights.

48.    The Board, the local unit of government with final policymaking authority over the District, Board President and Superintendent Blondean Davis have now repeatedly threatened and intimidated Plaintiff and prevented him from exercising his First Amendment rights and speaking at Board meetings.

49.    The malicious and retaliatory acts by Defendants have resulted in extreme humiliation and embarrassment to Plaintiff, as well as emotional pain and suffering, and have diminished Plaintiff's reputation in his community.

## COUNT II (42 U.S.C. § 1983)
## CONSPIRACY

50.     Plaintiff hereby incorporates and realleges the allegations of paragraphs 1 through 49 as the allegations of paragraph 50.

51.     Defendants have acted together and in concert to devise ways to censure anyone who disagrees with Davis and Board policies.  Plaintiff has been particularly targeted by Defendants who have acted together under color of state law to keep Plaintiff from expressing his views against Davis and the Board in public meetings.

52.     An explicit or implicit meeting of the minds occurred among and between Defendants the Board, Davis, Jones, Sims, White and Village of Matteson police, on or about February 24, 2009 and continues to this day, with the purpose of depriving Mr. Mnyofu of his First Amendment right of free speech.

53.     The overt acts described in this complaint have been undertaken by Defendants willfully, maliciously, and knowingly in furtherance of the conspiracy.  Defendants have conspired to harass, threaten and censure Mr. Mnyofu, and to retaliate against him to keep him from speaking out against Davis and Board policies in public meetings.  Defendants knowingly and intentionally have acted in unison to violate Mr. Mnyofu's free speech rights.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.     Plaintiff Mr. Mnyofu hereby incorporates and realleges the allegations of paragraphs 1 through 53 as the allegations of paragraph 54.

55.     The conduct and acts of Defendants as alleged herein, were extreme and outrageous, done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Mr. Mnyofu severe emotional distress.

56.     As a direct and proximate result of Defendants' extreme and outrageous conduct, Mr. Mnyofu was injured and experienced severe emotional distress.

## COUNT IV
## PRAYER FOR RELIEF

WHEREFORE, Mr. Mnyofu prays that this Court:

A.     Declare that the policies, practices and acts complained of are illegal and unconstitutional.

B.     Permanently enjoin Defendants from intimidating, threatening and preventing Mr. Mnyofu from attending and speaking at Board meetings and exercising his First Amendment rights.

C.     Award compensatory damages from all Defendants in an amount to be determined at trial.

D.     Award punitive damages from Defendants the Board, Blondean Davis, Village of Matteson, Officers Jones, Sims and White, in an amount to be determined at trial.

E.     Award reasonable attorney's fees, costs, and expenses, pursuant to 42 U.S.C. § 1988.

F.     Award such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff  Mr. Mnyofu hereby demands a trial by jury on all issues so triable.

Dated: June 2, 2011

Respectfully submitted,

KOMAA MNYOFU

By:     *s/Komaa Mnyofu*
              Pro se

Komaa Mnyofu
PO Box 731
Matteson, IL 60443
Telephone: 708-253-7223